Matter of the Estate of ROBERT F. AMEND, Deceased.

. (Surrogate's Court, New York County, May, 1917.)

Surrogates — decisions of — findings — Code Civ. Pro. §.2541.

Section 2541 of the Code of Civil Procedure, which provides that the surrogate " must file in his office his decision in writing which * * * need not contain either the facts found or the conclusions of law," merely relieves him from the necessity of making findings; it does not prohibit him from so doing.

Where the result of the findings, entered by the surrogate in an intermediate proceeding to determine whether remaindermen were interested parties, was incorporated in the decree judicially settling the accounts of the executor, none of the parties are prejudiced by such findings, as an appeal from the decree brings up for review every question decided, and an application to vacate the decree on the ground that the findings of fact and the conclusions of law were irregular and unauthorized by said section 2541 will be denied.

APPLICATION to vacate a decree of the court settling the account of executors and trustees.

S. Lawrence Miller (Lee McCanliss, of counsel), for remaindermen.

John D. Mason (F. R. Minrath, of counsel), for accounting executors.

Henry Siegrist, Jr., for residuary legatee.

FOWLER, S.   This is an application to vacate a decree entered in this court on the 12th day of December, 1916, settling the account of the executors and trustees under the last will of the decedent.  After the executors had filed their account an application was made by certain persons who claimed to be interested as remaindermen for permission to examine the executors in regard to certain items of the account.   The executors opposed the application and contended that the paragraph of the will under which the remaindermen claimed an interest in the estate was invalid.   In order to determine this question the surrogate took testimony and subsequently filed a written decision in which he held that the paragraph of the will was valid, that the remaindermen, therefore, were interested parties and that the executors should submit to an examination.   Surr. Decs. 1916, p. 785.   Findings of fact and conclusions of law based upon this decision were submitted by the attorney for the executors and signed by the surrogate.

The petitioners contend that the findings of fact and conclusions of law were irregular and not authorized by section 2541 of the Code.   The determination by the surrogate that the remaindermen were interested parties was merely an incident in the accounting proceeding; it was not a final determination upon which a decree could be entered within the meaning of section 2541 of the Code.   I do not, however, construe section 2541 of the Code to mean that the surrogate may not, if in his opinion the nature of the decision requires it, make findings of fact and conclusions of law.   The section provides that the surrogate " must file in his office his decision in writing which  *  *  *  need not contain either the facts found or the conclusions of law."   This merely relieves the surrogate from the necessity of making such findings; it does not prohibit

him from making them. The learned surrogate of Kings county in a recent case (*Matter of Hibbard*, 89 Misc. Rep. 711) made such findings. I agree with his conclusion that in certain cases it may become necessary for the surrogate to make findings of fact and conclusions of law, and that section 2541 of the Code is merely intended to relieve him from the necessity of making such findings in all cases. In the matter under consideration the result of the findings was incorporated in the decree judicially settling the account of the executors, and the appeal from that decree brings up for review every question decided by the surrogate; therefore, none of the parties to the accounting proceeding is prejudiced by the findings entered by the surrogate in the intermediate proceeding to determine whether the remaindermen were interested parties. The application is, therefore, denied.

Application denied.